UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| Todd Letsinger, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No.:1:14-cv- 1865 |
| | ) |
| American Financial Credit Services, Inc., | ) |
| | ) |
| Defendant. | ) |
| | ) |

# COMPLAINT SEEKING DAMAGES FOR VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT

### Introduction

1. This is an action for actual and statutory damages, legal fees and costs pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et. seq* (hereinafter referred to as the "FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices. Id.

2. The purpose of the FDCPA is to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses. Id.

3. If a violation occurs, "the FDCPA is a strict liability statute that makes debt collectors liable for violations that are not knowing or intentional." Donohue v. Quick Collect, Inc., 592 F.3d 1027, 1030 (9th Cir. 2010).

4. Even a single violation of the FDCPA is sufficient to support liability. Taylor vs. Perrin, Landry, deLaunay, & Durand, 103 F.3d 1232, 1238 (5th Cir. 1997).

### Jurisdiction

5. Jurisdiction of this Court arises under 28 U.S.C. § 1331 and pursuant to 15 U.S.C. § 1692k(d).

### Venue

6. Venue is proper in this Judicial District.

7. The acts and transactions alleged herein occurred in this Judicial District.

8. The Plaintiff resides in this Judicial District.

9. The Defendant transacts business in this Judicial District.

## Parties

10. The Plaintiff, Todd Letsinger, is a natural person.

11. The Plaintiff is a "consumer" as that term is defined by § 1692a.

12. The Plaintiff is "any person" as that term is used in 15 U.S.C. § 1692d preface.

13. The Defendant, American Financial Credit Services, Inc., (hereinafter referred to as "Defendant"), is a debt collection agency and/or debt purchaser operating from an address at 10333 N. Meridian Street, Suite 270, Indianapolis, IN 46290.

14. The Defendant is a debt collection agency and the Defendant is licensed by the State of Indiana. *See Exhibit "1" attached hereto.*

15. Defendant regularly attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

16. The Defendant regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another that arose out of transactions in which the money, property or services which are the subject of the transactions are primarily for personal, family or household purposes.

## Factual Allegations

17. The Defendant is a debt collection agency attempting to collect a debt from Plaintiff.

18. The Plaintiff incurred a debt to that was for primarily for personal, family or household purposes as defined by §1692(a)(5).

19. The debt owed by Plaintiff went into default.

20. After the debt went into default the debt was placed or otherwise transferred to the Defendant for collection.

21. The Plaintiff disputes the debt.

22. The Plaintiff requests that the Defendant cease all further communication on the debt.

23. The Defendant's collector(s) were employee(s) and/or representative(s) of the Defendant at all times mentioned herein.

24. The Defendant acted at all times mentioned herein through its employee(s) and/or representative(s).

25. The Plaintiff retained John Steinkamp & Associates for legal representation regarding the Plaintiff's debts.

26. On July 17, 2013, the Defendant sent the Plaintiff a dunning letter in an attempt to collect a debt.  *See Exhibit "2" attached hereto*.

27. The amount on the July 17, 2013, dunning letter is $182.00.  *See Exhibit "2" attached hereto*.

28. On January 28, 2014, the Defendant sent the Plaintiff another dunning letter, in an attempt to collect multiple debts.  *See Exhibit "3" attached hereto*.

29. One of the debts included in the January 28, 2014, dunning letter was the same alleged debt as the July 17, 2013, dunning letter.  *See Exhibit "3" attached hereto.*

30. The January 28, 2014, dunning letter stated, "INTEREST may continue to accumulate on any unpaid principle balance listed with our office."  *See Exhibit "3" attached hereto*.

31. However, the debt that was included from the July 17, 2013, dunning letter, was unchanged.  In fact, every account listed stated that the "Interest" was $0.00.  *See Exhibit "3" attached hereto*.

32. Additionally, the top of the dunning letter dated January 28, 2014, stated that "Interest Due To-Date" was $0.00, a direct contradiction of the language of the letter.  *See Exhibit "3" attached hereto*.

33. Furthermore, the January 28, 2014, dunning letter stated, "[t]o avoid further possible collection actions, please remit full payment within ten (10) days from the date of this notice."  *See Exhibit "3" attached hereto*.

34. To date, no "further possible collection actions" have been taken by the Defendant.

35. Despite the Defendant's representation that the amount of the alleged debt would increase, the amount of the debts never increased or changed at all.  *See Exhibit "2" attached hereto*.

36. The Defendant therefore made a false threat to the Plaintiff regarding the character of the alleged debt in an attempt to intimidate him into making payments in violation of the FDCPA.

37. The Defendant's collection communications are to be interpreted under the "unsophisticated consumer" standard. *See* <u>Gammon vs. GC Services, Ltd. Partnership</u>, 27 F.3d 1254, 1257 (7th Cir. 1994).

## First Claim for Relief:
## Violation of the FDCPA

1. The allegations of Paragraphs 1 through 37 of the complaint are realleged and incorporated herewith by references.

2. The Defendant violated 15 U.S.C. § 1692e by misrepresenting that interest would continue to accrue when in fact no interest had ever accrued.

3. The Defendant's acts and omissions constitute a violation of the FDCPA pursuant to 15 U.S.C. § 1692d by misrepresenting that interest would continue to accrue when in fact no interest had ever accrued.

4. The Defendant's acts and omissions intended to harass the Plaintiff in violation of the FDCPA pursuant to the preface of 15 U.S.C. § 1692f by misrepresenting that interest would continue to accrue when in fact no interest had ever accrued.

5. The Defendant's acts and omissions constitute a violation of 15 U.S.C. § 1692d.

6. The Defendant's acts and omissions constitute a violation of 15 U.S.C. § 1692e.

7. The Defendant's acts and omissions constitute a violation of 15 U.S.C. § 1692f.

8. As a result of the above violations of the FDCPA, Defendant is liable to Plaintiff for actual damages, statutory damages of $1,000 per defendant, attorney fees, and costs.

## Prayer for Relief

WHEREFORE, the Plaintiff prays that the Court grant the following:

1. A finding that the Defendant violated the FDCPA and/or an admission from the Defendant that it violated the FDCPA.

2. Actual damages under 15 U.S.C. § 1692k(a)(1).

3. Statutory damages under 15 U.S.C. § 1692k(a)(2)(A).

4. Reasonable attorneys fees and costs pursuant to 15 U.S.C. § 1692k(a)(3).

5. Such other and further relief as the Court deems just and proper.


Respectfully submitted,

/s/ John T. Steinkamp
John T. Steinkamp
John Steinkamp and Associates
Attorney for Plaintiff
5218 S. East Street, Suite E1
Indianapolis, IN 46227
Office: (317) 780-8300
Fax: (317) 217-1320
Email: steinkamplaw@yahoo.com